# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between New Holland Residences, LLC, NHR Human Resources, LLC ("NHR HR"), Juan Herrera, Monique Adderly, Marla Siegel, David Schorr and Joel Davis (collectively, "Defendants") and Carlos Zambrano, Eduardo Mejia, Glen Forde, Ramon Reyes, and Reinaldo Lassalle Nunez ("Plaintiffs").

# RECITALS AND BACKGROUND

WHEREAS, Plaintiffs filed a collective action lawsuit against New Holland Residences, LLC (d/b/a New Holland Residences), NHR Human Resources, LLC (d/b/a New Holland Residences), Juan Herrera, Monique Adderly, Marla Siegel, David Schorr, and Joel Davis (together with Plaintiffs, the "Parties") in the United States District Court, Southern District of New York (the "Court") with Civil Action # 19-cv-03056-RA (the "Federal Action") under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law ("NYLL"), alleging that they were not paid minimum wage and overtime (Causes of Action One through Four), that they were not paid on a weekly basis (Eighth Cause of Action), that they were not provided wage notices or wage statements (Causes of Action Five and Six), and that they were required to purchase various work tools (Seventh Cause of Action);

WHEREAS, the Parties to this Agreement participated in a court ordered mediation session with Mediator S. Reid Kahn on July 2, 2019, who assisted the Parties in settling the Federal Action;

WHEREAS, the purpose of this Agreement is to settle fully and finally all Released Claims between Plaintiffs and Defendants, including claims asserted in the Federal Action;

WHEREAS, the Defendants in the Federal Action deny all of the allegations made by Plaintiffs in the Federal Action, and deny any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Federal Action;

WHEREAS, without admitting or conceding any liability or damages whatsoever and without admitting that wages, overtime and/or other amounts were improperly withheld from any employees, Defendants have agreed to settle the Federal Action on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Federal Action;

WHEREAS, Plaintiffs' Counsel has analyzed and evaluated the merits of the claims made against Defendants in the Federal Action, and the impact of this Agreement on each of the Plaintiffs and based upon Plaintiffs' Counsel's analysis and evaluation of a number of factors,

and recognizing the substantial risks of continued litigation, including the possibility that the Federal Action, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiffs' Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that this Agreement is in the best interest of Plaintiffs;

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Federal Action on the following terms and conditions:

1. **Definitions.**

   1.1    For purposes of this Agreement, "Plaintiffs" means Carlos Zambrano, Eduardo Mejia, Glen Forde, Ramon Reyes, and Reinaldo Lassalle Nunez, and all affiliated persons or entities, including, their respective present or former domestic partners, spouses, dependents, heirs, assigns, successors, creditors, debtors, counsel, and any otherwise affiliated or related persons and entities.

   1.2    For purposes of this Agreement, "Defendants" means New Holland Residences, LLC (d/b/a New Holland Residences), NHR Human Resources, LLC (d/b/a New Holland Residences), Juan Herrera, Monique Adderly, Marla Siegel, David Schorr, and Joel Davis, and the aforementioned entities' and individuals' divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, leasing and payroll companies, assigns, officers, directors, members, partners, trustees, employees, agents, actuaries, accountants, stockholders, administrators, representatives, attorneys including, without limitation, attorneys who appeared in this action, and insurers or fiduciaries, past, present or future.

   1.3    For purposes of this Agreement, "Parties" means Plaintiffs and Defendants.

   1.4    "Effective Date" of the settlement shall mean the last of the following dates: (a) the date 30 days after the entry of an order by the District Court granting final approval of the Settlement, if there are no appeals; or (b) if there is an appeal of the Court's decision granting final approval, the day after all appeals are finally resolved in favor of final approval.

   1.5    "Released Claims" means from any and all claims alleged in the Federal Action, for any wage and hour violations under Federal, State or local law, including but not limited to, the Fair Labor Standards Act, New York Labor Law, the New York Wage Theft Prevention Act, the New York Building Service Wage Order, the New York

Hospitality Wage Order, and the New York Miscellaneous Industries Wage Order, each as amended, or any other federal, state or municipal law; as well as any actions, claims, grievances, complaints, administrative claims and demands whatsoever that Plaintiffs had or now have or may have against Defendants for overtime, commissions, unpaid wages, whether based on common law or otherwise, and specifically includes all claims for unpaid overtime, back pay, improper deductions, travel time, spread-of-hours pay, bonuses, expense reimbursements, severance pay, gratuities, tip credits, tip allowances, service charges, retained gratuities, and work tools. Released Claims does not include (a) Plaintiffs' rights under this Agreement, (b) Claims arising after the date all Plaintiffs sign this Agreement, (c) any Claims that by law may not be waived or released under applicable law, including any Workers' Compensation claim(s); and (d) any claims unrelated to wages, including, but not limited to, any discrimination claims Plaintiffs may have against Defendants.

2.    **Consideration.** In consideration for each Plaintiff's signing and complying with this Agreement and the releases of all Released Claims herein, Defendants agree to pay, or have paid on their behalf, an amount totaling $50,000 (the "Settlement Sum"), by delivering checks to Michael Faillace & Associates, P.C. made out as follows (the "Settlement Payments"):

2.1    A check made payable to "Michael Faillace & Associates, P.C.," in the amount of $ 16,666.67

2.2    A check payable to Carlos Zambrano in the amount of $ 5,333.34, from which no statutory deductions will be taken;

2.3    A check payable to Carlos Zambrano in the amount of $ 5,333.33, from which statutory deductions will be taken;

2.4    A check payable to Eduardo Mejia in the amount of $ 1,833.34, from which no statutory deductions will be taken;

2.5    A check payable to Eduardo Mejia in the amount of $1,833.33, from which statutory deductions will be taken;

2.6    A check payable to Glen Forde in the amount of $3,499.99, from which no statutory deductions will be taken;

2.7    A check payable to Glen Forde in the amount of $3,500.00, from which statutory deductions will be taken;

2.8    A check payable to Ramon Reyes in the amount of $2,666.67, from which no statutory

3

deductions will be taken;

2.9     A check payable to Ramon Reyes in the amount of $ 2,666.66, from which statutory deductions will be taken;

2.10    A check payable to Reinaldo Lassalle Nunez in the amount of $ 3,333.34, from which no statutory deductions will be taken;

2.11    A check payable to Reinaldo Lassalle Nunez in the amount of $ 3,333.33, from which statutory deductions will be taken.

2.12    The Settlement Payments shall be delivered to the office of Plaintiffs' Counsel, Michael Faillace, Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165 within 30 days of the Effective Date of this Settlement Agreement. Delivery of the Settlement Payments shall be conditioned on each payee executing any necessary IRS forms, including forms W9 and W4.  Failure to deliver the Settlement Payments within this timeframe shall constitute a default of the agreement, and Plaintiffs will be entitled to seek a judgment against Defendants for the full amount of the Settlement in a court of competent jurisdiction, provided that Defendants are provided with written notice of the failure to deliver the Settlement Payments within this timeframe and be provided with five business days to cure the nonpayment.

2.13    At the appropriate time, Plaintiffs will be issued a tax form 1099 reflecting the payments identified in paragraphs 2.2, 2.4, 2.6, 2.8, and 2.10. Plaintiffs will be issued a tax form w-2 reflecting the payments identified in paragraphs 2.3, 2.5, 2.7, 2.9, and 2.11. At the appropriate time, Michael Faillace & Associates, P.C. will be issued a tax form(s) 1099 reflecting that payment identified in Paragraph 2.1.

2.14    Plaintiffs and their counsel agree that they will be solely responsible for the payment of any applicable taxes owed by them, if any, in regard to the aforementioned payment. That, in the event a governmental authority or agency causes Defendants to incur any expense because of either Plaintiffs or their Counsel's failure to pay taxes, if any, in connection with this settlement, Plaintiffs and their Counsel agree to indemnify and hold harmless Defendants for such failure to pay their taxes. If Defendants receive any notice of tax disputes from a governmental authority, they shall forward it to Plaintiffs' Counsel.

2.   **No Consideration Absent Execution of This Agreement.** Plaintiffs each understand and agree that they will not receive the monies and/or benefits specified in Paragraph 2 above unless and until Carlos Zambrano, Eduardo Mejia, Glen Forde, Ramon Reyes, and Reinaldo Lassalle

Nunez each execute this Agreement and discontinue the Federal Action with prejudice.

3.   **Not Final Absent Full Execution.** Plaintiffs each understand and agree that this Agreement is not final and will not be effective unless and until it is fully executed before a notary public by Carlos Zambrano, Eduardo Mejia, Glen Forde, Ramon Reyes, and Reinaldo Lassalle Nunez.

4.   **Release of Claims.** In return for the payments identified in paragraph 2, Plaintiffs each knowingly and voluntarily release and forever discharge Defendants from the Released Claims.

5.   **Acknowledgments and Affirmations.** Plaintiffs affirm that in the Federal Action they have asserted claims seeking unpaid minimum wages and overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and other regulations, and affirm that there is a bona fide dispute as to such claims, along with the other claims asserted in the Complaint, which are being settled and released in their entirety by this Agreement.

6.   **Release Notification. Defendants advised and advise Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel.** Plaintiffs acknowledge they did so; it is their choice to waive any potential claims in return for the benefits set forth herein; and, said choice was made after careful thought, and after consulting with their attorneys. Plaintiffs represent that they have been advised to and did consult legal counsel regarding this Agreement. Plaintiffs further represent that after having had a full opportunity to review and consider the terms and conditions of this Agreement and having discussed them with any member of their immediate family, counsel, or financial advisor of their own choosing, and having had sufficient time to review and consider this Agreement, Plaintiffs fully understand all of the provisions of this Agreement and have executed same freely and voluntarily.

7.   **Dismissal of the Federal Action.** Counsel for Plaintiffs will take all steps necessary to have the Court approve the dismissal of the Federal Action, including executing and submitting the Stipulation of Discontinuance with Prejudice attached as Exhibit A and whatever documentation is required to have this Settlement Agreement approved pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Parties shall execute and submit all documents and information required to terminate such proceedings and use their best efforts to have this Settlement Agreement approved by the Court and the Federal Action dismissed. If the Court does not approve the Settlement Agreement and dismiss the Federal Action, this Agreement shall be void ab initio and the Parties shall use their best efforts to reach a revised agreement acceptable to the Court.

8.   In consideration of Defendants' undertakings contained in this Agreement, Plaintiffs agree that they and their respective agents, family, and/or representatives shall refrain from: (1) all conduct, verbal or otherwise, which would materially damage the reputation, goodwill or standing in the community of Defendants, and (2) referring to or in any way commenting on Defendants in or through the general media or any public domain (including without limitation, internet websites, blogs, chat rooms and the like), in a way that would materially

damage, the reputation, goodwill or standing in the community of Defendants. The aforesaid limitations shall not apply to any response to any inquiry by any government, administrative or regulatory body, commission or agency, and shall not limit Plaintiffs from making truthful statements about Plaintiffs' experience litigating the case. In consideration of Plaintiffs' undertakings contained in this Agreement, Defendants agree that they shall refrain from: (1) all conduct, verbal or otherwise, which would materially damage the reputation, goodwill or standing in the community of Plaintiffs, and (2) referring to or in any way commenting on Plaintiffs in or through the general media or any public domain (including without limitation, internet websites, blogs, chat rooms and the like), in a way that would materially damage, the reputation, goodwill or standing in the community of Plaintiffs. The aforesaid limitations shall not apply to any response to any inquiry by any government, administrative or regulatory body, commission or agency, and shall not limit Defendants from making truthful statements about their experience litigating the case. Defendants agree that in response to a request for a work-related reference regarding Plaintiffs, Defendants will only verify their dates of service and position held and that it will not be a violation of this Agreement to do so.

9.    **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event Plaintiffs or Defendants breach any provision of this Agreement, Plaintiffs and Defendants affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction, the parties agree the Court shall have the authority to modify, alter or change the provision(s) in question to make the Agreement legal and enforceable. If this Agreement cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the release language is found to be illegal or unenforceable, Plaintiffs and Defendants agree to execute a binding replacement release(s).

10.    **Amendment.** Except as provided in Paragraph 10 above, this Agreement may not be modified, altered or changed without the express written consent of both Parties wherein specific reference is made to this Agreement.

11.    **Non-admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

12.    **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiffs acknowledge they have not relied on any representations, promises, or agreements of any kind made to them in connection with their respective decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiffs' consent to this Agreement is given

freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

13. **Section Headings.** Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

14. **Legal Fees.** Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement, and delivery of this Agreement.

15. **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

16. **Miscellaneous.**

    17.1 This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument, and in pleading or proving any provision of this Agreement, it shall not be necessary to produce more than one of such counterparts. Facsimile and or PDF transmission copies will be deemed and accepted as original in all proceedings and no objection will be raised regarding same. The exhibits annexed hereto are specifically incorporated and made a part of this Agreement.

    17.2 This Agreement shall inure to the benefit of Defendants, their successors and assigns, including, but not limited to, any corporation, individual, partnership or other entity which may acquire all or substantially all of Defendants' assets and business or with or into which Defendants may be consolidated or merged. This Agreement and its attached exhibit(s) shall inure to the benefit of the Plaintiffs and their respective executors and assigns.

    17.3 Each of the covenants contained herein is a separate and independent covenant. A breach, finding of unenforceability, or waiver of any one covenant herein (or of any other covenant or agreement between these Parties) shall not relieve either party of any remaining obligations hereunder.

17. **Competency to Waive Claims.** At the time of considering or executing this Agreement, Plaintiffs were not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiffs are competent to execute this Agreement and knowingly and voluntarily waive the Released Claims.

7

18. By signing this Agreement, Plaintiffs each acknowledge that:

    19.1 They have read this Agreement;

    19.2 They understand this Agreement and know that they are giving up important rights;

    19.3 They had adequate opportunity to request, and have received, all information they need to understand this Agreement, and have been offered sufficient time, that is, at least 21 calendar days, to consider whether to sign this Agreement;

    19.4 Plaintiffs negotiated this Agreement through counsel with knowledge and express consent;

    19.5 Plaintiffs have signed this Agreement knowingly and voluntarily, without any duress, coercion, or undue influence by anyone;

    19.6 Plaintiffs have each reviewed each and every provision of this Agreement in a translated copy written in his or her native language or had it translated to his or her native language.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**CARLOS ZAMBRANO**

DATED: 8/28/19

I, Michael Faillace Notary Public, do hereby certify that CARLOS ZAMBRANO, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that said person signed and delivered the said instrument as said person's free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and official seal this 28 day of August, 2019.

**MICHAEL FAILLACE**
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified in New York County
My Commission Expires January 03, 20__

**EDUARDO MEJIA**

*Eduardo Meji*                                    DATED: 08/28/19

I, Michael Faillace Notary Public, do hereby certify that EDUARDO MEJIA, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that said person signed and delivered the said instrument as said person's free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and official seal this 26 day of August, 2019.

MICHAEL FAILLACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified in New York County
My Commission Expires January 03, 2021

**RAMON REYES**

DATED: 8-27-19

I, Joshua Androphy a Notary Public, do hereby certify that RAMON REYES, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that said person signed and delivered the said instrument as said person's free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and official seal this 27 day of August 2019.

No...
Co...

JOSHUA S. ANDROPHY
Notary Public, State of New York
No. 02AN6166535
Qualified in New York County
Commission Expires August 17, 2015

Jan. 8, 2020

**REINALDO LASSALLE NUNEZ**

DATED: 8/27/19

I, _Joshua Androphy_, a Notary Public, do hereby certify that REINALDO LASSALLE
NUNEZ, personally known to me to be the same person whose name is subscribed to
the foregoing instrument, appeared before me this day in person and acknowledged that
said person signed and delivered the said instrument as said person's free and voluntary
act, for the uses and purposes therein set forth.

Given under my hand and official seal this _27_ day of _August_, 2019.

JOSHUA S. ANDROPHY
Notary Public, State of New York
No. 02AN6166515
Qualified in New York County
Commission Expires ~~August 17, 2015~~
Jan. 8, 2020

**GLEN FORDE**

DATED: 8-28-19

I, _Michael Faillace_, a Notary Public, do hereby certify that GLEN FORDE,
personally known to me to be the same person whose name is subscribed to the
foregoing instrument, appeared before me this day in person and acknowledged that
said person signed and delivered the said instrument as said person's free and voluntary
act, for the uses and purposes therein set forth.

Given under my hand and official seal this ___ day of _August_, 2019.

MICHAEL FAILLACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified in New York County
My Commission Expires January 03, 20_21_

**NHR HUMAN RESOURCES, LLC**

DATED: _____

By: _____

Print Name: _____

Title: _____

11

REINALDO LASSALLE NUNEZ

_Renaldo Lasalle_                                    DATED: _8/27/19_

I, _Joshua Androp_, a Notary Public, do hereby certify that REINALDO LASSALLE
NUNEZ, personally known to me to be the same person whose name is subscribed to
the foregoing instrument, appeared before me this day in person and acknowledged that
said person signed and delivered the said instrument as said person's free and voluntary
act, for the uses and purposes therein set forth.

Given under my hand and official seal this _27_ day of _August_, 2019.

JOSHUA S. ANDROPHY
Notary Public, State of New York
No. 02AN6166515
Qualified in New York County
Commission Expires August 17, 2015
Jan. 8, 2021


GLEN FORDE

_Glen Forde_                                         DATED: _8-28-19_

I, _Michael Faillace_, a Notary Public, do hereby certify that GLEN FORDE,
personally known to me to be the same person whose name is subscribed to the
foregoing instrument, appeared before me this day in person and acknowledged that
said person signed and delivered the said instrument as said person's free and voluntary
act, for the uses and purposes therein set forth.

Given under my hand and official seal this _27_ day of _August_, 2019.

MICHAEL FAILLACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified in New York County
My Commission Expires January 03, 20 2\


NHR HUMAN RESOURCES, LLC

By: _M. Grossman_                                    DATED: _8.29.19_
Print Name: _M. Grossman_
Title: _Authorized Signatory_


11

**NEW HOLLAND RESIDENCES, LLC**

By: _____

Print Name: M. Grossman

Title: Authorized Signatory

DATED: 8.29.19

**JUAN HERRERA**

_____

DATED: 9/5/19

**MONIQUE ADDERLY**

_____

DATED: _____

**MARLA SIEGEL**

_____

DATED: 8/29/19

**DAVID SCHORR**

_____

DATED: 8/29/19

**JOEL DAVIS**

_____

DATED: 8/29/19

NEW HOLLAND RESIDENCES, LLC

By: _____     DATED: _____
Print Name:_____
Title: _____


JUAN HERRERA

_____     DATED: _____


MONIQUE ADDERLY

_____     DATED: _____

MARLA SIEGEL

_____     DATED: _____


DAVID SCHORR

_____     DATED: _____

JOEL DAVIS

_____     DATED: _____

**Exhibit A**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CARLOS ZAMBRANO, EDUARDO MEJIA,
GLEN FORDE, RAMON REYES, and REINALDO
LASSALLE NUNEZ, *individually and on behalf of
others similarly situated,*

                Plaintiffs,

    - against -

NEW HOLLAND RESIDENCES, LLC (D/B/A
NEW HOLLAND RESIDENCES), NHR HUMAN
RESOURCES, LLC (D/B/A NEW HOLLAND
RESIDENCES), JUAN HERRERA, MONIQUE
ADDERLY, MARLA SIEGEL, DAVID SCHORR,
and JOEL DAVIS,

                Defendants.

19-cv-03056-RA

**Stipulation of
Voluntary Dismissal
with Prejudice**

The above-captioned Plaintiffs and Defendants, pursuant to Rule 41(a) of the Federal Rules

of Civil Procedure, hereby stipulate to the dismissal with prejudice of this action and request

that the action be dismissed with prejudice, each party to bear his/her/its own costs.

MICHAEL FAILLACE & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*

By: _____

    Michael Faillace
    60 East 42nd Street, Suite 4510
    New York, New York 10165
    (212) 317-1200

Dated: _____

CLIFTON BUDD & DEMARIA, LLP
*Attorneys for Defendants*

By: _____

    Daniel W. Morris
    350 Fifth Avenue, 61st Floor
    New York, New York 101118
    (212) 687-7410

Dated: _____