```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 10/18/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARLOS ZAMBRANO, *et al.*,

              Plaintiffs,

v.

NEW HOLLAND RESIDENCES, LLC, *et al.*,

              Defendants.

No. 19-CV-3056 (RA)

ORDER APPROVING SETTLEMENT AGREEMENT

---

RONNIE ABRAMS, United States District Judge:

Plaintiffs Carlos Zambrano, Eduardo Mejia, Glen Forde, Ramon Reyes, and Reinaldo Lassalle Nunez (collectively, "Plaintiffs") bring this action against Defendants New Holland Residences, LLC, NHR Human Resources LLC, Juan Herrera, Monique Adderly, Marla Siegel, David Schorr, and Joel Davis (collectively, "Defendants") for alleged violations of the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL"). Before the Court is the parties' application for approval of a settlement agreement.

The Court, having reviewed the parties' proposed agreement and fairness letter, finds that the settlement is fair and reasonable. Under the proposed settlement agreement, Defendants agree to pay Plaintiffs $50,000, which includes $16,666 in attorney's fees. *See* Settlement Agreement at 3-4. Of this total amount, Zambrano will receive $10,666.67, Mejia will receive $3,666.67, Forde will receive $6,999.99, Reyes will receive $5,333.33, and Nunez will receive $6,666.67. *See id.* Based on calculations that Plaintiffs have submitted to the Court, Plaintiffs estimate that, were they to recover in full, they would receive approximately $122,988.70. *See* Fairness Letter at 2; Computation of Damages Exhibits. Specifically, Zambrano estimates that he would receive

$39,396.81, Mejia estimates that he would receive $13,726.02, Forde estimates that he would receive $25,918.44, Reyes estimates that he would receive $19,253.48, and Nunez estimates that he would receive $24,292.08. *See* Computation of Damages. Excluding any liquidated damages, this means that the proposed settlement agreement leaves Zambrano with approximately 27%, Mejia with approximately 28%, Forde with approximately 27%, Reyes with approximately 28%, and Nunez with approximately 27% of their maximum recovery amount.

These amounts are fair and reasonable. Although this recovery amount falls short of the maximum amount that each Plaintiff asserts he might have recovered at trial, they are significant as a percentage and "in light of the legal and evidentiary challenges that would face the plaintiffs in the absence of a settlement." *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016); *see also Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25 percent of the maximum possible recovery). In particular, Plaintiffs' counsel reports that "Defendants categorically deny the allegations in the Complaint," and that Defendants have "a colorable defense, presenting the possibility that Plaintiffs' recovery may be severely limited." Fairness Letter at 2. For those reasons and based on the totality of the circumstances, the Court accepts the parties' settlement amount.

The Court also approves the attorney's fees set forth in the Fairness Letter. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. Dec. 8, 2016). Here, the attorney's fees are $16,666.66, which is approximately 33% of the settlement amount. *See* Settlement Agreement at 2. When using a "percentage of the fund" approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317*

*Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). The amount of the fee is therefore reasonable as a fair percentage of the net award.

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. at 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). The release provision at issue here is far more limited than those routinely rejected. Specifically, Plaintiffs are only releasing Defendants from the claims at issue. *See* Settlement Agreement at 5. Thus, the Court finds that the release in the proposed settlement agreement is fair and reasonable.\*

## CONCLUSION

For the reasons stated above, the Court approves the parties' settlement agreement. The Court dismisses the Complaint with prejudice in accordance with the settlement agreement. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:   October 18, 2019
         New York, New York

Ronnie Abrams
United States District Judge

---

\*It is also noteworthy that the confidentiality clause in the proposed settlement agreement makes clear that it does "not limit Plaintiffs from making truthful statements about Plaintiffs' experience litigating the case." Settlement Agreement ¶ 8. *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 n.65 (S.D.N.Y. 2015) (In FLSA cases, such clauses "must include a carve-out for truthful statements about plaintiffs' experience litigating their case.").

3